Case:11-03022-SDB Doc#:14 Filed:09/04/12 Entered:09/

FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 9:19 am, Sep 04, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case Number 09-30701 |
| MICHELE R. BROWN | ) | |
| Debtor | ) | |
| MICHELE R. BROWN | ) | Adversary Proceeding Number 11-03022 |
| Plaintiff | ) | |
| v. | ) | |
| BRANCH BANKING & TRUST COMPANY | ) | |
| Defendant | ) | |

**OPINION AND ORDER**

Before the Court is Branch Banking & Trust Company's ("BB&T"'s) motion to dismiss the complaint filed by Michele R. Brown ("Debtor"). This is a core proceeding pursuant to 28 U.S.C. §157 and jurisdiction is proper pursuant to 28 U.S.C. §1334. For the following reasons, BB&T's motion to dismiss is granted.

**FINDINGS OF FACT**

On February 16, 2007, Debtor purchased real property in La Grange, Georgia ("the Property"). To finance her purchase, Debtor obtained a loan from Liberty Mortgage and executed a

security deed pledging the Property as collateral for the loan. The security deed was later assigned to BB&T.

On December 4, 2009, Debtor filed a petition under Chapter 13 of the Bankruptcy Code. Debtor's chapter 13 plan provides that the Property will be surrendered "in full satisfaction" of BB&T's claim. Chapter 13 Case No. 09-30701, Plan, Ex. C, Dckt. No. 7). BB&T filed a motion for relief from stay as to the Property, which the Court granted pursuant to a consent order. Chapter 13 Case No. 09-30701, Consent Order, Dckt. No. 31. On February 3, 2010, Debtor's plan was confirmed.

Pursuant to the confirmed plan, Debtor has surrendered the Property; however, BB&T has not foreclosed on the Property. BB&T has not taken active possession of the Property. Debtor filed this adversary proceeding on November 2, 2011 alleging BB&T was: (1) in willful contempt of the Confirmation Order; (2) in willful violation of the automatic stay under 11 U.S.C. §362; and (3) liable for damages under 11 U.S.C. §362(k). Debtor seeks actual damages as well as punitive damages in the amount of $150,000 and attorney fees and litigation expenses.

**CONCLUSIONS OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] a party may seek to dismiss a complaint for "failure to state a

[1] Rule 12(b)(6) is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b).



AO 72A
(Rev. 8/82)

claim upon which relief may be granted." Fed. R. Civ. P. 12(b). Failure to state a claim for which relief may be granted is a purely legal question. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1270 n. 19 (11th Cir. 2009). To analyze the motion, the court presumes well-pled facts as true, but the court is not required to accept a plaintiff's proclaimed legal conclusions. Id. at 1260. When considering a motion to dismiss, courts have the authority to "fully resolve any purely legal question" and consequently, there is no "inherent barrier to reaching the merits [of a claim] at the 12(b)(6) stage." Marshall Cnty. Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal, 578 F.3d at 1260 citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62, 570 (2007).

The issue in this case is whether, under the facts presented, a creditor can be compelled to take affirmative steps to accept surrendered property pursuant to 11 U.S.C. §1325(a)(5)(C), and whether its failure to take such steps violates the automatic stay or confirmation order. I have previously held that surrender of property under a Chapter 13 plan does not require the creditor to take affirmative action to foreclose on property. In re Arsenault, 456 B.R. 627, 630

(Bankr. S.D. Ga. 2011) aff'd Arsenault v. JP Morgan Chase Bank, N.A., Civ. Action No. CV 311-106 (S.D. Ga. August 30, 2012); see also Pratt v. Gen. Motors Acceptance Corp, 462 F.3d 14, 19 (1st Cir. 2006) ("[N]othing in subsection 521(a)(2) remotely suggests that the secured creditor is required to accept possession . . . ."); In re Canning, 442 B.R. 165, 172 (Bankr. D. Me. 2011); In re Service, 155 B.R. 512, 514-15 (Bankr. E.D. Mo. 1993) (recognizing surrender as a "contractual act" but only with the consent of both parties requiring surrender by the Debtor and willing acceptance of title by the Creditor); Hon. W. Homer Drake, Jr., Hon. Paul W. Bonapfel & Adam M. Goodman, Chapter 13 Practice and Procedure §9C:9 at 682 (2010-2011 ed.); see also In re White, 282 B.R. 418, 423 (Bankr. N.D. Ohio 2002). This Court found that the act of surrender by the debtor does not create a duty of the creditor to transfer title and the failure to do so does not violate the stay. In re Arsenault, 456 B.R. at 629.

While this conclusion would appear to resolve the issue, the Arsenault case was decided concerning real property located in the state of Florida, so Florida law applied. The case sub judice concerns real property located in the state of Georgia, so Georgia law must be considered. See Butner v. United States, 440 U.S. 48 (1979). In their briefs, the parties did not address whether Georgia law requires a different result than the Arsenault case. After review, I conclude Georgia law does not



AO 72A
(Rev. 8/82)

require a contrary conclusion than the one set forth in Arsenault. See Citizens' & S. Bank & Realty Sav. & Trust Co., 144 S.E. 893, 895 (Ga. 1928)(the grantor of the security deed retains the right of possession and the right of redemption by full payment of the debt) citing Citizens' Bank of Moultrie v. Taylor, 117 S.E. 247 (Ga. 1923); In re Corley, 447 B.R. 375, 385 (Bankr. S.D. Ga. 2011)(stating that after executing a security deed, a debtor's only interests in the property are the right of possession and the right to have the property reconveyed upon repayment); Broach v. Barfield, 57 Ga. 601, 601 (1876); 2 Daniel F. Hinkel, Pindar's Georgia Real Estate Law & Procedure §21-13 (6th ed. 2004). Under the terms of a traditional security deed, the grantee holds title only for the collection of his debt. 2 Daniel F. Hinkel, Pindar's Georgia Real Estate Law & Procedure at §21-14; see also Id. at §21-40 ("The grantor in a security deed continues to be the equitable owner of the property. . . . [H]e remains subject to all the usual obligations of ownership, tort liability, and ad valorem taxes, except that his interest cannot be levied on by his other creditors without first paying off the grantee's debt."). Because the Debtor remains the equitable owner of the property, I find, he is not divested of his ownership obligations until the actual foreclosure occurs or until the lender takes affirmative steps of ownership. See In re Pigg, 453 B.R. at 733, 736 (equitable remedy fashioned to address



AO 72A
(Rev. 8/82)

the attempted surrender of a condominium made uninhabitable by a flood, where bank had actively taken possession of the property by changing lock and placing notice on the door).

For these reasons, I conclude BB&T has not violated the confirmation order or the automatic stay and I decline to exercise equitable powers pursuant to 11 U.S.C. §105. See In re Arsenault, 456 B.R. at 631 aff'd Arsenault v. JP Morgan Chase Bank, N.A., Civ. Action No. CV 311-106 (S.D. Ga. August 30, 2012). It is therefore ORDERED that BB&T's Motion to Dismiss is GRANTED.

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 4th Day of September 2012.



AO 72A
(Rev. 8/82)